R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN 2 5 2010

FILED
DOCKETED
DATE    INITIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT.

DYLAN L. DUNN,                     ) CASE NO. 08-1595~
     PLAINTIFF-APPELLEE            ) U.S. DC NO. 1:06-CV-0008?
                                   ) AWI-DLB-P
V.                                 )
                                   ) PLAINTIFF-APPELLEE
J. CASTRO, ET AL.,                 ) ANSWERING BRIEF.
     DEFENDANTS-APPELLANT.         )

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT
OF CALIFORNIA.

DYLAN L. DUNN #H-93331
KVS.P / A-2# 128
P.O. BOX-5101
DELANO, CA. 93216-5101
(IN PRO-PER)

# TABLE OF CONTENTS.

PAGE.

INTRODUCTION AND SUMMARY ARGUMENT............. 1.

STATEMENT OF JURISDICTION ............ X
STATEMENT OF THE ISSUES ............ X
STATEMENT OF THE CASE ............ X
STATEMENT OF ALLEGE FACTS ............ X
STANDARD OF REVIEW ............ X
(ALL THE ABOVE BY-PASSED. (7-11) ACCORDING
TO RULE 28, FED. R. A. PRO. 28(b)/-5 APPELLEES
BRIEF.)............ X

ARGUMENT............ 5.
    I.) ANSWER AND ASSERTIONS ON CLAIMS
OF DUE PROCESS AND LIBERTY INTEREST......... 5.

    II.) ANSWER AND ASSERTIONS ON DEFENDANT
CLAIM TO QUALEFIED IMMUNITY......... 11.

CONCLUSION ............ 17.

ADDENDUM

EXHIBITS A, B, C

I.

TABLE OF AUTHORITIES (CONT...)

CASES.                                        PAGE.

NELSON V. CITY OF SPRINGFIELD,
767, F.2d 651, 654-55 (9TH CIR. 1985) .......... 5.

SANTOSKY V. KRAMER,
455 U.S. 745 (1982) ........................... 5.

WASHINGTON V. GLUCKSBERG,
521 U.S. 702 (1997) ........................... 5.

RENO V. FLORES,
507 U.S. 292 (1993) ........................... 6.

MEYER V. NEBRASKA,
262 U.S. 390 (1923) ........................... 6.

LASSITER V. DEPT. OF SOCIAL SERVICES,
452 U.S. 18 (1981) ............................ 6.

SANDIN V. CONNER,
515 U.S. 472 (1995) ........................... 7.

MENDOZA V. BLODGETT,
960 F.3d 1425 (9TH CIR 1992) .................. 7.

II.

# TABLE OF AUTHORITIES

CASES.                                                    PAGE.

FORBES V. NAPOLENTANO,
236 F.3d 1009 (9TH CIR. 2000). . . . . . . . . . . 8.

CITY OF WEST COVINA V. PERKINS,
525 U.S. 234 (1999). . . . . . . . . . . . . . 8.

NEAL V. SEMODA,
131 F.3d 818 (9TH CIR. 1997). . . . . . . . . . . 8.

SWIERKIEWICZ V. SORENA N.A.,
534 U.S. 506 (2002). . . . . . . . . . . . . . 9.

FED. R. CIV. PRO. . . . . . . . . . .
8(a). . . . . . . . . . . . . 9.

JACKSON V. CAREY,
353 F.3d 750 (9TH CIR. 2003). . . . . . . . . . 9.

AUSTIN V. TERHUNE,
367 F.3d 750 (9TH CIR. 2004) . . . . . . . . . . 9.

OVERTON V. BAZZETA,
539 U.S. 126 (2003). . . . . . . . . . . . . 9.

III.

TABLE OF AUTHORITIES (CONT...)

CASES.                                          PAGES.

HARLOW V. FITZGERALD,
457 U.S. 800 (1982) . . . . . . . . . . . . . . . . 11.

ALEXANDER V. PERRILL,
916 F.2d 1392 (9TH CIR. 1990) . . . . . . . . 11.

MALLEY V. BRIGGS,
475 U.S. 335 (1986) . . . . . . . . . . . . . . . 11.

SAUCIER V. KATZ,
533 U.S. 194 (2001) . . . . . . . . . . . . . . 13.

ROPS V. GARTNER,
998 F.2d 794 (9TH CIR. 1993) . . . . . . . . . 13.

NUNEZ BN NUNEZ V. CITY OF SAN DIEGO,
114 F.3d 935 (9TH CIR. 1997) . . . . . . . . . 13.

M.L.B V. S.L.J,
519 U.S. 102 (1996) . . . . . . . . . . . . . 13,

BAKER V. McCOLLAN,
443 U.S. 139 (1979) . . . . . . . . . . . . . 14.

IV.

TABLE OF AUTHORITIES (CONT...)

CASES.                                                PAGE.

CONN V. GABBERT,
526 U.S. 286 (1999) . . . . . . . . . . . . . . . . 14.

COUNTY OF SACRAMENTO, V. LEWIS,
523 U.S. 833 (1998) . . . . . . . . . . . . . . . 14.

LEE V. COUNTY OF LOS ANGELES,
240 F.3d 754 (9TH CIR. 2001) . . . . . . . . 14.

CAMPBELL V. BURT,
141 F.3d 927 (9TH CIR. 1998) . . . . . . . . 14.

MEYER V. NEBRASKA,
262 U.S. 390 (1923) . . . . . . . . . . . . . . 15.

TROXEL V. GRANVILLE,
530 U.S. 57 (2000) . . . . . . . . . . . . . . . 15.

TURNER V. SAFELY,
482 U.S. 78 (1987) . . . . . . . . . . . . . . . 15.

SCHWENK V. HARTFORD,
204 F.3d 1187 (9TH CIR. 2000) . . . . . . . 16.

V.

# INTRODUCTION AND SUMMARY ARGUMENT.

I, DYLAN L. DUNN, PLAINTIFF-APPELLEE, AM A STATE PRISONER PROCEEDING IN PRO-SE AND IN FORMA PAUPERIS. RESPECTFULLY COMES BEFORE THIS MOST HONORABLE UNITED STATES COURT OF APPEAL, FOR THE NINTH CIRCUIT. TO DEFEND AND ANSWER, MY CLAIM FOR INJUCTIVE RELIEF, DAMAGES, AND DEMAND FOR A JURY TRIAL, PURSUANT TO 42 U.S.C § 1983. IN WHICH THE DEFENDANTS-APPELLANTS; J. CASTRO, P. STOCKMAN, D. ORTIZ, V. YAMAMOTO, A.K. SCRIBNER, AND T. SURGES. PRISON ADMINISTRATORS (J. CASTRO ET AL,.). VIOLATED MY SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT. BY PERSONS ACTING UNDER 'COLOR OF STATE LAW,' DURING AN INSTITUTIONAL CLASSIFI-CATION COMMITTEE (I.C.C) REVIEW AND SUBSE-QUENT ADMINISTRATIVE APPEAL. IN WHICH THE DEFENDANTS PLACED AND UPHELD A "TOTAL BAN" PERMANENTLY RESTRICTING ME FROM VISITING WITH MY CHILDREN, (ALL MINORS). AND THEREBY EXCEEDING THE NORMAL HARDSHIPS ASSOCIATED WITH INCARCERATION. (CR. 1, AER 34-50.).

IN THIS INSTANCE THE DEFENDANTS CHOSE TO DENY ME VISITATION WITH MY MINOR CHILDREN, BASED ON AND IN ACCORDANCE TO A (C.D.C) CALIFORNIA DEPARTMENT OF CORRECTIONS PRETEXT INSTITUTED IN THE CALIFORNIA CODE OF REGULATIONS, TITLE·15 (CCR

(5) SECTION 3173.1 VISITING RESTRICTIONS WITH MINORS, (FOR THE RECORD, THIS REGULATION HAS BEEN REPEALED AND AMENDED AS OF 5/2006). (SEE EXHIBIT "A") THE DEFENDANTS BASED THIS "TOTAL BAN" VISITING RESTRICTION SOLEY ON A 2002 PHONE CALL, IN WHICH I RECEIVED A DISCIPLINARY RULE VIOLATION REPORT (C.D.C.-115). FOR "ATTEMPTING TO ELICIT ILLEGAL SEXUAL RELATIONS 'BY PHONE' IN CONCERT WITH A MINOR." (BASICALLY PHONE SEX WITH MY WIFE WHILE MY SON WAS ON THE OTHER LINE, UNBEKNOWNST) (CR I. AER 34-50)

I APPEALED THE DEFENDANTS DECISION TO IMPOSE AND UPHOLD THE VISITING RESTRICTION PERMANENTLY BANNING ME VISITATION WITH MY CHILDREN, THROUGH THE INMATE APPEAL SYSTEM, AND WAS "GRANTED" A REVERSAL AFTER IT WAS DETERMINED THAT I DID NOT ACTUALLY MEET THE REGULATIONS CRITERIA. AFTER BEING DELAYED AN EXTENDED PERIOD OF TIME, I FINALLY PROCEEDED TO EXHAUST ALL MY AVAILABLE ADMINISTRATIVE APPEAL REMEDIES AT THE C.D.C. LEVEL. (CR I. AER, 35-36).

AFTER CONSIDERING THE IRREPARABLE DAMAGES, I THEN FILED SUIT IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA. WHERE I WAS BLESSED WITH THE HONORABLE, U.S. MAGISTRATE JUDGE, DENNIS L. BECK, PRESIDING. HE THEREBY ORDERED THE REMAINING DEFENDANTS SERVED ON DEC. 28, 2006. UPON THE COURTS PRELIMINARY SCREENING, THAT PER NOTICE PLEADING STANDARDS, I STATED A COGNIZABLE CLAIM

FOR RELIEF, FOR VIOLATION OF DUE PROCESS, (AER. 32, 33).

THE DEFENDANTS THEN MOVED TO DISMISS, UNDER RULE 12(b)(6) MOTION TO DISMISS, ON GROUNDS THAT 1.) THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM FOR DUE PROCESS.(A) IT FAILS TO ALLEGE A SUBSTANTIVE DUE PROCESS CLAIM.(B) IT FAILS TO STATE A CLAIM THAT DEFENDANTS VIOLATED PROCEDURAL DUE PROCESS. (2.) QUALIFIED IMMUNITY PROTECTS DEFENDANTS FROM POTENTIAL DAMAGES AND LIABILITY.(3.) THE CLAIM AGAINST DEFENDANT T. SURGES SHOULD BE DISMISSED BECAUSE HE FAILS TO SHOW ANY PERSONAL INVOLVEMENT IN THE VISITING RESTRICTION. (CR 21).

ON MARCH 21, 2008. THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, THROUGH THE HONORABLE U.S. MAGISTRATE JUDGE, DENNIS L. BECK, DENIED THE DEFENDANTS RULE 12(b)(6) MOTION TO DISMISS. IN HIS FINDINGS AND RECOMMENDATIONS, HE STATED THAT THE COMPLAINT STATED A COGNIZABLE CLAIM FOR RELIEF ON VIOLATION OF DUE PROCESS AND STATES FACTS SUFFICIENT FOR A CLAIM OF DUE PROCESS. (2.) THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY, BECAUSE I HAVE A CLEARLY ESTABLISHED LIBERTY INTEREST IN THE RELATIONSHIP WITH MY CHILDREN, THAT CANNOT BE INFRINGED UPON BY THE STATE, WITHOUT DUE PROCESS OF LAW. ALSO WHEN THE DEFENDANTS "BANNED" MY VISITATION, THE RIGHT WAS CLEARLY ESTABLISHED ALREADY FOR ABOUT 20 YEARS BEFORE, AND THEN FINALLY A RULE 12(b)(6)

3.

IS NOT THE PROPER VEHICLE FOR A FACT FINDING
DETERMINATION, TO ADDRESS THIS CLAIM. (AER, 26-31)
   THE HONORABLE U.S. DISTRICT COURT JUDGE,
ANTHONY W. ISHII, REITERATED IT AGAIN IN HIS
ORDER ADOPTING THE FINDING AND RECOMMENDA-
TIONS, AND DENYING THE MOTION TO DISMISS. HE
EVEN TOUCHED ON THE HEART OF THIS CLAIM WHEN
HE EXPRESSED THAT THE COMPLAINT ISN'T CONTESTING
THE GENERAL VISITING RESTRICTION, BUT RATHER
THE FACT THAT I'VE BEEN PROHIBITED FROM VISITING
WITH MY CHILDREN. AND THAT INABILITY, WITHOUT
DUE PROCESS OF LAW, IMPLICATES THE FUNDAMENTAL
INTEREST A PARENT HAS IN MAINTAINING A RELATION-
SHIP WITH MY CHILDREN. THIS IS TRULY THE HEART
AND SOUL OF MY CLAIM AND WHAT I'VE BEEN TRYING
TO MAINTAIN FROM THE BEGINING. JUDGE ANTHONY
W. ISHII, ALSO WENT ON TO STATE, THAT IT WOULD
BE IMPROPER AT THIS STAGE TO DEFINE DISPUTED
FACTS AND DISPOSE OF UNMERITORIOUS CLAIMS ... AND
THAT THIS CASE CANNOT BE RESOLVED WITHOUT TURNING
TO THE FACTS OUTSIDE THE PLEADINGS. (CR. 40-42. AER.
22-25. ).
   THE DEFENDANTS CURRENT APPEAL BEFORE THIS
COURT IS SHOULD BE DENIED, AND MADE TO ANSWER
THE DISPUTED FACTS, THEY CLAIM I HAVE NOT ALLEDGED.
I CLEARLY POINT OUT THE CLAIM OF INTEREST IN MY
THREE MINOR CHILDREN, THUS DEFINING A LIBERTY
INTEREST IN MAINTAINING MY PARENTAL RIGHTS.

4.

ARGUMENT.

I.) ANSWER AND ASSERTIONS ON CLAIM OF DUE
PROCESS AND LIBERTY INTEREST.

THE UNITED STATES DISTRICT COURT, FOR THE
EASTERN DISTRICT OF CALIFORNIA, DECISION TO
DENY THE APPEALLANT-DEFENDANTS MOTION TO
DISMISS, SHOULD STAND. BECAUSE THEY
RECOGNIZED THE TRUE  BASIS OF THIS CLAIM,
AND GOT RIGHT TO THE HEART OF THIS MATTER,
WHEN IT STATED IN IT'S ORDER DENYING THE
MOTION TO DISMISS... "IT IS A WELL ESTABLISHED
FACT THAT A 'PARENT HAS A FUNAMENTAL LIBERTY
INTEREST' IN 'THE COMPANIONSHIP AND SOCIETY OF
HIS OR HER CHILD' AND THAT 'THE STATES INTERFER-
ENCE WITH THAT LIBERTY INTEREST WITHOUT DUE
PROCESS OF LAW IS REMEDIABLE UNDER 42 U.S.C
§ 1983." (QUOTING KELSON V. CITY OF SPRINGFIELD
767 F.2d 651, 654-55 (9TH CIR. 1985) (CITING SANTOSKY
V. KRAMER 455 U.S. 745, 753 (1982). THE DEFENDANTS
PERMENANT BAN ON VISITING WITH MINORS, UNDER
CCR. 15 § 3173.1 IN-EFFECT DEPRIVED ME OF MY
PARENTAL RIGHTS WITHOUT DUE PROCESS OF LAW.
    THE FOURTEETH AMENDMENT PROVIDES THAT NO
STATE SHALL "DEPRIVE ANY PERSON OF LIFE, LIBERTY,
OF PROPERTY, WITHOUT DUE PROCESS OF LAW."
WASHINGTON V. GLUCKSBURG, 521 U.S. 702, 719, 117
S. CT. 2258 (1997) THE CLAUSE "GUARANTEES  MORE

5.

THAN FAIR PROCESS," IT ALSO INCLUDES A SUBSTANTIVE
COMPONENT THAT "PROVIDES HEIGHTENED PROTECTION
AGAINST GOVERMENT INTERFERENCE WITH CERTAIN
FUNDAMENTAL RIGHTS AND LIBERTY INTERESTS."
ID. AT 720, 117 S. CT. 2258; SEE ALSO RENO V. FLORES,
507 U.S. 292, 301-302, 113 S. CT. 1439, 123 L. ED. 2d 1 (1993)
THE LIBERTY INTEREST AT ISSUE IN THIS CASE ...
"THE CARE, CUSTODY, AND CONTROL OF THEIR CHILDREN ...
IS PERHAPS THE OLDEST OF THE FUNDAMENTAL LIBERTY
INTERESTS RECOGNIZED BY THE U.S. SUPREME COURT.
MORE THAN 80 YEARS AGO." IN MEYER V. NEBRASKA,
262 U.S. 390, 399, 401, 43 S. CT. 625, 67 L. Ed. 1042 (1923)
SINCE MEYER THERE HAVE BEEN A NUMBER OF CASES
BEFORE THE COURTS DEALING WITH THE LIBERTY
INTERESTS PARENTS HOLD IN COMPANIONSHIP WITH
THEIR CHILDREN. GOING BACK TO SANTOSKY V. KRAMER,
THE COURT ADDRESSED THE FACT THAT A PARENT MAY BE
LESS THAN A POSITIVE INFLUENCE ON THE FAMILY
DOES NOT ABROGATE THESE INTERESTS. THUS, WHEN
A STATE MOVES TO ALTER WEAKEND FAMILY BONDS,
IT MUST PROVIDE FUNDAMENTALLY FAIR PROCEDURES.'"
ID. AT 753-754. SEE ALSO, LASSITER V. DEPT. OF
SOCIAL SERVICES, 452 U.S. 18 101 S. CT. 2153, 68 L. Ed.
2d 640 (1981) WHERE THE COURT POINTED OUT THAT "THE
FUNDAMENTAL LIBERTY INTEREST OF NATURAL PARENTS
IN THE CARE, CUSTODY, AND MANAGEMENT OF THEIR
OF THEIR CHILDREN DOES NOT EVAPORATE SIMPLY
BECAUSE THEY HAVE NOT BEEN MODEL PARENTS ..."

6.

1. INDEED, IT IS "PLAIN BEYOND THE NEED FOR
2. MULTIPLE CITATION' THAT A NATURAL PARENT'S
3. DESIRE FOR AND RIGHT TO THE COMPANIONSHIP,
4. CARE, CUSTODY, AND MANAGEMENT OF HIS OR HER
5. CHILDREN' IS AN INTEREST FAR MORE PRECIOUS
6. THAN ANY PROPERTY RIGHT." (QUOTING LASSITER)
7.   HERE THE APPELLANT-DEFENDANT'S ARGUE THAT
8. BECAUSE I'M IN PRISON, THAT MY RIGHT TO A
9. PROTECTED LIBERTY INTEREST IN THE COMPANION-
10. SHIP OF MY CHILDREN DOES NOT APPLY UNLESS THE
11. STATES ACTIONS "AFFECT THE SENTENCE IN AN
12. UNEXPECTED MANNER; OR IMPOSE AN 'ATYPICAL AND
13. SIGNIFICANT HARDSHIP ON THE INMATE IN
14. RELATION TO ORDINARY INCIDENTS OF PRISON
15. LIFE.'"(QUOTING SANDIN V. CONNER, 515 U.S. 472, 483-
16. 84 (1995). ONCE AGAIN THE DISTRICT COURT
17. RECOGNIZED THE TRUE "NATURE" OF THE DEFENDANTS
18. "TOTAL BAN" VISITING RESTRICTION   WITH MINORS
19. UNDER CCR. 15 3173.1. WHEN THEY DENIED THEIR
20. MOTION TO DISMISS. NOT ONLY DID THE DEFENDANTS
21. ERR IN THE REGULATIONS SUBSTANTIVE AND PROCED-
22. URAL ASPECT UNDER BOTH SANDIN V. CONNER, 515
23. U.S. 472, 483-84, 115 S.CT 2293, 132 L.ED. 2d. 418
24. (1995)(SUMMARIZING PROCEDURAL DUE PROCESS
25. CLAIMS BY PRISONERS) SEE MENDOZA V. BLODGETT,
26. 960 F.3d 1425 (9TH CIR. 1992)"THE PRISONER IS
27. ENTITLED TO NOTICE OF REASONS... AND AN OPPORTU-
    NITY  TO RESPOND IN WRITING. ALSO IN, FORBES

V. NAPOLINTANO, 236 F.3d 1009 (9TH CIR. 2000)" UNDER THE DUE PROCESS CLAUSE, A STATUE WHICH CRIMINALIZES CONDUCT MAY NOT BE IMPERMISSIBLY VAGUE IN ANY OF ITS APPLICATIONS." THE REGULATION IN QUESTION (SEE DEFENDANTS ADENDUM.) EMPLIES A HEARING BY A JUVENILE COURT, FOR CHILD VICTEMS. IT ALSO REFERS TO AND WAS ULTIMATELY INTENDED FOR SEX OFFENDERS. IN BOTH OF THESE INTENSES I WAS AFFORDED NO DUE PROCESS. SEE, CITY OF WEST COVINA V. PERKINS, 525 U.S. 234, 142 L.Ed 2.d 636 / 119 S.CT 678 (1999) "A PRIMARY PURPOSE OF THE NOTICE REQUIRED BY THE DUE PROCESS CLAUSE IS TO ENSURE THAT THE OPPORTUNITY FOR A HEARING IS MEANINGFULL." I NEVER RECIEVED THE PROCESS DUE IN EITHER CASE... NOT AT THE F.C.C REVIEW OR WAS I ALLOWED JUDICIAL REVIEW IN THE STATE COURTS, WHERE PARENTAL RIGHTS ARE USUALLY REVIEWED AND DECIDED. THEN UNDER NEAL V. SHMODA, 131 F.3d 818 (9TH CIR. 1997) "LABELING AS A "SEX OFFENDER," PRISONERS WHO HAVE NEVER BEFORE BEEN CONVICTED OF A SEX OFFENSE OR GIVEN THE OPPORTUNITY TO CHALLENGE THE LABEL IN ADVERSARY PROCEEDINGS, VIOLATED DUE PROCESS AND PRISONER WAS ENTITLED TO RELIEF." NOW IN THE DISTRICT COURTS ORDER DENYING THE DEFENDANTS MOTION TO DISMISS. THEY DID SO PRIMARILY BECAUSE A RULE 12(b)(6)

8.

MOTION TO DISMISS, IS NOT THE PROPER VEHICLE TO "DEFINE DISPUTED FACTS" AND "DISPOSE OF UNMERITORIOUS CLAIMS." IN DOING SO THE COURT CITED. SWEERKIEWICZ V. SOREMA N.A., 534 U.S. 506, 512 (2002) FED. R. CIV. PRO. 8(a) ALSO JACKSON V. CAREY, 353 F. 3d 750, 755 (9TH CIR. 2003) AUSTIN V. TERHUNE, 367 F. 3d 1167, 1171 (9TH CIR. 2004) EVEN STILL THE DEFENDANTS CONTINUE TO APPEAL ON THE SAME ISSUES, STATING I'VE "ALLEGED NO FACTS SHOWING THAT A LIBERTY INTEREST WAS AT STAKE." I DEMUR, AND WOULD LIKE TO POINT TO THE RECORD IN THE DISTRICT COURT, PLAINTIFFS OPPOSITIONS TO MOTION TO DISMISS AND THE ORIGINAL COMPLAINT. IN BOTH INSTANCES MY CLAIM WAS ALLOWED TO PROCEED BECAUSE IT CLEARLY TOUCHES ON A FUNDAMENTAL CIVIL RIGHT AND LIBERTY INTEREST. AND FINALLY, EVEN THOUGH THIS COURT HAS NOT RULED ON WHETHER INMATES HAVE A RIGHT TO VISITATION WITH THEIR CHILDREN, IT HAS RECOGNIZED IN THE PAST, THE PROCESS DUE INCARCERATED HUMAN BEINGS. EVEN THE JUSTICES STATED AS MUCH IN, OVERTON V. BAZZETTA, 539 U.S. 126, 132 (2003) (THOMPSON/ WESTLAW CASE CITE P. 7-8) "WE AGREE THE RESTRICTION IS SEVERE. (A 2 YEAR BAN ON VISITS FOR SUBSTANCE ABUSE VIOLATIONS) AND IF FACED WITH EVIDENCE THAT THE REGULATION IS TREATED AS A 'DE FACTO' PERMA-

1  NANT BAN ON ALL VISITAION FOR CERTAIN
2  INMATES, WE MIGHT REACH A DIFFERENT
3  CONCLUSION IN A CHALLENGE TO A PARTICULAR
4  APPLICATION OF THE REGULATION." THIS IS IN-
5  AFFECT WHAT THE DEFENDANTS DID UNDER THEIR
6  REGULATION CCR.15 3173.1 UNTIL THEY AMENDED
7  IT. (SEE ATTACHED EXHIBIT "A").
8      FOR THESE REASONS, THIS HONORABLE COURT
9  SHOULD AFFIRM THE DISTRICT COURT'S ORDER
10 AND DENY THE DEFENDANTS RECENT MOTION
11 TO DISMISS.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.) ANSWER AND ASSERTIONS ON DEFENDANTS
CLAIM TO QUALIFIED IMMUNITY.

THE UNITED STATES DISTRICT COURTS, "FINDINGS
AND RECOMMENDATIONS TO DENY DEFENDANTS MOTION
TO DISMISS," BY THE HONORABLE U.S. MAGISTRATE JUDGE,
DENNIS L. BECK. AND ALSO THE "ORDER ADOPTING
FINDINGS AND RECOMMENDATION," "ORDER DENYING
MOTION TO DISMISS." BY THE HONORABLE U.S. DISTRICT
JUDGE, ANTHONY W. ISHII. (AER. 26-31 AND 22-25).
WERE SO EXACT IN THERE DETERMINATION DENYING
THE DEFENDANTS CLAIM TO QUALIFIED IMMUNITY.
THAT AS A PRO-PER PLAINTIFF, I SEE NO WAY, HOW,
OR REASON TO TRY TO SURPASS THEIR DECISION.
SO IN MY BEST EFFORT I'LL TRY TO, PARALLEL THEIR
FINDINGS ON THIS ISSUE. AND OF COURSE LET,
WITH ALL DUE RESPECT TO THIS MOST HONORABLE
COURT, COME TO THE SAME CONCLUSION AND AFFIRM
THE DISTRICT COURTS RULING, DENYING THE
DEFENDANTS CLAIM TO QUALIFIED IMMUNITY.
   IN THE DISTRICT COURTS FINDINGS, THEY FIRST
LOOKED TO ; HARLOW V. FITZGERALD, 457 U.S. 800,
818 (1982). "GOVERNMENT OFFICIALS ENJOY QUALIFIED
IMMUNITY FROM CIVIL DAMAGES, UNLESS THEIR
CONDUCT VIOLATES, "CLEARLY ESTABLISHED STATUTORY
OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE
PERSON WOULD HAVE KNOWN." ALRIGHT NOW TAKING
HARLOW A STEP FURTHER; "IN ANALYZING A CLAIM
11.

FOR QUALIFIED IMMUNITY, THEN, A COURT MUST DENY
THE CLAIM IF THE LAW IS CLEARLY ESTABLISHED,
"SINCE A REASONABLY COMPETENT PUBLIC OFFICIAL
SHOULD KNOW THE LAW GOVERNING HIS OR HER
CONDUCT" UNLESS HE/SHE CAN EITHER DEMONSTRATE
EXTRAORDINARY CIRCUMSTANCES OR THAT HE/SHE
"NEITHER KNEW NOR SHOULD HAVE KNOWN" ABOUT
THE LEGAL RIGHT IN QUESTION. ID AT 818-19, 102
S. CT. 2727. SEE ALSO; ALEXANDER V. PERRILL, 916 F.2d
1392, 1396 (9TH CIR. 1990). AS THE DISTRICT COURT
UNDERSTOOD FROM MY COMPLAINT; THIS CLAIM
IS NOT ABOUT A GENERAL VISITING RESTRICTION.
NO, ITS ABOUT THE DEFENDANTS'' PERMANENT BAN''
ON ME VISITING WITH MY CHILDREN. WHICH BY
THEIR KNOWLEDGE INFRINGED ON MY PARENTAL
RIGHTS AND WORSE LABELED ME A SEX OFFENDER.
THIS ACTION WAS PRIMARILY BASED ON A RULE
VIOLATION THAT WAS (2) YEARS OLD "FOR ATTEMPT-
ING TO ELLICIT ILLEGAL SEXUAL RELATIONS
BY PHONE, IN CONCERT WITH A MINOR." THE
REGULATION CCR. 15 § 3173.1, REFERS TO PENAL CODE,
WELFARE AND INSTITUTIONS CODE, AND OTHER
AUTHORITIES TO WHICH HELP "ANY REASONABLY COMPETEN
PUBLIC OFFICIAL KNOW THE LAW GOVERNING HIS/HER
CONDUCT." MALLEY V. BRIGGS, 475 U.S. 335, 341 106 S.CT.
1092, 89 L.Ed. 2d 271 (1986) "OBSERVING THAT 'ALL BUT
THE PLAINLY INCOMPETENT OR THOSE WHO KNOWINGLY
VIOLATE THE LAW" ARE PROTECTED BY QUALIFIED

IMMUNITY."

IN DETERMINING WHETHER THE DEFENDANTS VIOLATED A "CLEARLY ESTABLISHED RIGHT," THE DISTRICT COURT RELIED ON THE SUPREME COURTS THREE PART ANALYSIS IN: SAUCIER V. KATZ, 533 U.S. 194, 201 (2001). GRANTING FIRST, MY DUE PROCESS WAS VIOLATED BY THE DEFENDANTS WHEN THEY INFRINGED UPON MY RELATIONSHIP WITH MY CHILDREN AND ULTIMATELY CREATING A LIBERTY INTEREST WHEN THEY BANNED VISITATION WITH MY CHILDREN AND THUS INFRINGING ON MY CONSTITUTIONAL PARENTAL RIGHTS. SEE; P.O.P.S V. GARDNER, 998 F.2d 794 (9TH CIR. 1993)." RIGHT TO MARRY, HAVE CHILDREN, AND MAINTAIN RELATION-SHIP WITH CHILDREN ARE FUNDAMENTAL RIGHTS PROTECTED BY THE 14TH AMENDMENT, AND THUS, STRICT SCRUTINY IS REQUIRED OF ANY STATUES THAT DIRECTLY AND SUBSTANTIALLY IMPAIR THOSE RIGHTS." ALSO; NUNEZ BY NUNEZ V. CITY OF SAN DIEGO, 114 F.3d 935 (9TH CIR. 1997). AND FINALLY AS THE U.S. SUPREME REMARKED IN; M.L.B V. S.L.J., 519 U.S. 102, 117 S.CT 555, 136 L.Ed. 2d 473 (1996) "CHOICES ABOUT MARRIAGE, FAMILY LIFE, AND THE UPBRINGING OF CHILDREN ARE AMONG ASSOCIATIONAL RIGHTS THIS COURT HAS RANKED AS OF BASIC IMPORTANCE IN OUR SOCIETY, RIGHTS SHELTERED BY THE FOURTEENTH AMENDMENT AGAINST THE STATE'S UNWARRANTED USURPATION, DISREGARD, OR DISRESPECT."

1   AGAIN THE DEFENDANTS CLAIM THAT I DID
2   NOT ALLEGED   FACTS IMPLICATING A LIBERTY
3   INTEREST THUS THEY DID NOT VIOLATE MY DUE
4   PROCESS OR ANY CLEARLY ESTABLISHED LAW.
5   HERE I CAN ONLY REFER TO THE COMPLAINT. (AER
6   43-44, THEN AGAIN IN EVERY CLAIM AFTERWARD AND
7   UP UNTIL 46-47.) AND THE FACT THAT THE DISTRICT
8   COURT FIRST, RECOGNIZED A SINGLE CLAIM COGNIZ-
9   ABLE FOR RELIEF FOR "DUE PROCESS (AER 32-33.).
10  SEE; BAKER V. McCOLLAN, 443 U.S. 137, 144 N.3, 99 S.CT.
11  2689, 61 L.Ed.2d 433 (1979)" THE FIRST ENQUIRY IN
12  ANY 1983 SUIT IS WHETHER THE PLAINTIFF HAS BEEN
13  DEPRIVED OF A RIGHT "SECURED BY THE CONSTITUTION
14  AND LAWS'." SEE E.G. CONN V. GABBERT, 526 U.S. 286
15  290, 119 S.CT 1292, 143 L.Ed.2d 399 (1999); COUNTY OF
16  SACRAMENTO V. LEWIS, 523 U.S. 833, 841 N.5, 118
17  S.CT. 1708, 140 L.Ed.2d 1043 (1998). THEN THE COURT
18  AGAIN RECOGNIZED MY CLAIM IN THEIR SECOND
19  STEP, GRANTING, THAT THE RIGHT WAS CLEARLY
20  ESTABLISHED. (AER 30) "ESTABLISHING A PARENTS
21  FUNDAMENTAL INTEREST IN THE COMPANIONSHIP,
22  SOCIETY OF HIS CHILDREN, AND THE STATES
23  INTERFERENCE WITH THAT LIBERTY INTEREST
24  WITHOUT DUE PROCESS OF LAW IS REMEDIABLE
25  UNDER 31983: LEE V. COUNTY OF LOS ANGELES, 240
26  F.3d 754 (9TH CIR. 2001). SEE ALSO; CAMPBELL V. BURT,
27  141 F.3d 927 (9TH CIR. 1998)."REGULAR AND APPROPRIATE
28  VISITS BETWEEN PARENT AND CHILDREN, AND

14.

CHILDREN AND PARENTS." AND IN; TROXEL V. GRANVILLE 120 S.CT. 2054, 147 L.Ed.2d 49 (2000)" THE COURT... RELATING TO THE TERMINATION OF PARENTAL RIGHTS WERE INVALID AS CONSTITUTING DENIAL OF SUB-STANTIVE DUE PROCESS TO THE EXTENT THAT THEY ALLOWED SUCH TERMINATIONS WITHOUT SHOWING OF 'HIGH AND SUBSTANTIAL DEGREE OF HARM TO CHILDREN,' AS PREREQUISITE TO TERMINATION." THIS CASE ALSO REITERATED TO THE COURT THAT THE PARENTAL INTEREST IN "THE CARE, CUSTODY, AND CONTROL OF THEIR CHILDREN" IS "PERHAPS THE OLDEST OF THE FUNDAMENTAL LIBERTY INTE-RESTS RECOGNIZED BY THE SUPREME COURT." ID. AT 2059. REAFFIRMING THE VALIDITY OF SUCH LONG STANDING PRECEDENTS AS MEYER V. NEBRASKA, 262 U.S. 390, 401, 43 S.CT 625, 67 L.Ed. 1042 (1923).

WHILE THE DISTRICT COURT CLEARLY STATED THAT THE DEFENDANTS MOTION TO DISMISS IS NOT THE PROPER VEHICLE TO DEFINE DISPUTED FACTS AND DISPOSE OF UNMERITORIOUS CLAIMS IN ITS ORDER DENYING THE DEFENDANTS RULE 12 (b)(6) MOTION TO DISMISS. THE DEFENDANTS STILL CLAIM THEY WERE "REASONABLE" IN THEIR PLACE-MENT OF THE "TOTAL BAN" PERMENANTLY RESTRICT-ING ME VISITING WITH MY CHILDREN. THE HONORABLE DISTRICT COURT USED THE "REASONABLE-NESS" TEST SET FORTH IN TURNER V. SAFELY, 482 U.S. 78, 89-91 (1987). NOW WHILE THE FACTS HAVEN'T

15.

1 BEEN COMPLETELY LAYED OUT. IT'S CLEAR THE
2 DEFENDANTS WERE NOT REASONABLE IN THEIR
3 APPLICATION OF THE BAN RESTRICTING VISITS
4 WITH MINORS. THIS WAS MADE APPARENT BY
5 DEFENDANT T. SURGES IN HIS DENIAL OF THE
6 THE INMATE APPEAL AT THE FINAL LEVEL. (SEE
7 EXHIBIT "C"). ALSO THE DEFENDANTS REASONABLY
8 SOUGHT REVIEW OF THE APPLICATION OF CCR-15
9 3173.), VISITING RESTRICTIONS WITH MINORS,
10 BEFORE THEY APPLIED IT TO ME AT THE I.C.C
11 REVIEW. (SEE EXHIBIT "B"). IN SCHWENK V.
12 HARTFORD, 204 F.3d 1187 (9TH CIR. 2000) "OFFICIALS
13 CLAIM OF QUALIFIED IMMUNITY WILL BE DEFEATED
14 IF, IN THE LIGHT OF PRE-EXISTING KNOWLEDGE, LAW
15 THE UNLAWFULLNESS OF THEIR CONDUCT WAS
16 APPARENT."
17    THUS THE DEFENDANTS CLAIM TO QUALIFIED
18 IMMUNITY IS "UNREASONABLE" BECAUSE THEY
19 SO KNOWINGLY KNEW THAT THE "PERMENANT BAN"
20 RESTRICTING VISITING WITH MY CHILDREN,"
21 WOULD BE QUESTIONABLE UNDER LAW AND ULTIMATELY
22 INFRINGE ON MY PARENTAL RIGHTS.
23    THEREFORE THE DISTRICTS COURTS DECISION
24 DENYING THE DEFENDANTS QUALIFIED IMMU-
25 NITY SHOULD STAND AFFIRMED. AND THE
26 DEFENDANTS MADE TO ANSWER TO THE FACTS
27 IN THIS CASE.

# CONCLUSION

"A PRISONER IS NOT WHOLLY STRIPPED OF CONSTITUTIONAL PROTECTIONS WHEN HE IS IMPRISONED FOR A CRIME. THERE IS NO IRON CURTAIN DRAWN BETWEEN THE CONSTITUTION AND THE PRISONS OF THIS COUNTRY." (WOLF V. McDONNELL (1974). THE DEFENDANTS HERE IN MY CASE, CLAIM OTHERWISE, THAT AS PRISON OFFICIALS, THEY HAVE THE RIGHT TO DEFINE THE FAMILIAR RELATIONSHIP BETWEEN PARENTS AND CHILDREN, BECAUSE AS PRISON INMATES WE'RE ALREADY LIMITED IN THAT CAPACITY, SO AS THE DEFENDANTS REPEATED NUMBEROUS TIMES THROUGHOUT THEIR BRIEF, WHERES THE LIBERTY INTEREST FOR PRISONERS? THE LIBERTY INTEREST HAS BEEN "WELL ESTABLISHED" TO PARENTS AND CHILDREN ALIKE. JUSTICE O'CONNER STATED IN TROXEL V. GRANNVILLE (2000). "SO LONG AS A PARENT ADEQUATLY CARES FOR HIS OR HER CHILDREN, THERE WILL NORMALLY BE NO REASON FOR THE STATE TO INJECT ITSELF INTO THE PRIVATE REALM OF THE FAMILY TO FURTHER QUESTION THE ABILITY OF THAT PARENT TO MAKE THE BEST DECISIONS CONCERNING THE REARING OF THAT PARENTS CHILDREN." BY THE DEFENDANTS, PERMENANTLY BANNING ME FROM VISITING WITH MY CHILDREN (MINORS) UNDER A REGULATION USED FOR SEX OFFENDERS,

1   ALSO A REGULATION THAT REQUIRES A "COURTS"
2   DETERMINATION. THEY BASICALLY BECAME THE
3   DEPARTMENT OF SOCIAL SERVICES AND THE COURT,
4   AND IN THE FORM OF AN INSTITUTIONAL CLASSIF-
5   ICATION COMMITTEE REVIEW TERMINATED MY
6   PARENTAL RIGHTS, FOR A TWO YEAR OLD DISCIP-
7   LINARY VIOLATION THAT WAS ADJUDICATED.TO
8   THE FULLEST EXTENT OF THE PRISON'S ABILITY.
9   EVEN THEN AT THE TIME OF THE RULE VIOLATION
10  NO ACTION WAS TAKEN TO TERMINATE MY VISITS.
11   AS TO WHETHER THE DEFENDANTS WOULD HAVE
12  KNOWN... WELL, COMMON SENSE IS ENOUGH TO KNOW
13  THAT A FAMILIAR BOND BETWEEN PARENT AND CHILD,
14  OR CHILDREN AND PARENTS IS BASIC HUMAN NATURE.
15  EVEN ORPHANS ARE AFFECTED BY THE SENSE OF THESE
16  BONDS, WHEN THEY SEARCH FOR AND TRY TO REUNITE
17  WITH THERE PARENTS. ITS PROBABLY INGRAINED IN
18  OUR D.N.A. BUT ONE THING THAT IS COMMON, IS WHEN
19  A PARENTS CHILD(REN) IS THREATENED OR IN JEOPARDY,
20  OUR PARENTAL INSTINCT IS TO PROTECT THEM. SO
21  ACCORDINGLY, A REASONABLY COMPETENT PUBLIC
22  OFFICIAL WOULD HAVE KNOWN THAT THE ALLEGED
23  CONDUCT VIOLATED A WELL ESTABLISHED DUE
24  PROCESS PROTECTED LIBERTY INTEREST.
25   FOR THESE REASONS AND MORE, THIS HONORABLE
26  COURT SHOULD UPHOLD AND AFFIRM THE DISTRICT
27  COURTS DECISION TO DENY THE DEFENDANTS MOTION
28  TO DISMISS.                    SINCERELY AND RESPECTFULLY
                                   SUBMITTED,

18.                                DYLAN DUNN

# ADDENDUM

(Cal. Code. Regs. tit. 15, §3173.1 (2003))

Westlaw

15 CA ADC § 3173.1
15 CCR s 3173.1
Cal. Admin. Code tit. 15, s 3173.1

BARCLAYS OFFICIAL CALIFORNIA CODE OF
REGULATIONS
TITLE 15. CRIME PREVENTION AND CORREC-
TIONS
DIVISION 3. DEPARTMENT OF CORRECTIONS
CHAPTER 1. RULES AND REGULATIONS OF
THE DIRECTOR OF CORRECTIONS
SUBCHAPTER 2. INMATE RESOURCES
ARTICLE 7. VISITING
This database is current through 12/26/2003, Register
2003, No. 52.

s 3173.1. Visiting Restrictions with Minors.

Visiting with minors shall be prohibited for any inmate
sentenced to prison for violating Penal Code section(s)
261, 264.1, 266c, 273d, 285, 286, 288, 288a, 288.5, or
289 unless specifically authorized by a juvenile court,
pursuant to Welfare and Institutions Code section 362.6.
Inmates may be prohibited from having contact or non-
contact visits where substantial evidence (e.g., court
transcripts, police or probation officer reports or parole
revocation hearing findings describing the misconduct)
of the misconduct described in section 3177(b)(1) ex-
ists, with or without a criminal conviction.

<General Materials (GM) - References, Annotations, or
Tables>

Note: Authority cited: Section 5058, Penal Code. Refer-
ence: Sections 1202.05, 5054 and 5054.2, Penal Code;
and Section 362.6, Welfare and Institutions Code.

HISTORY

1. New section filed 2-18-2003; operative 3-20-2003 (Register 2003, No. 8).
15 CA ADC s 3173.1
END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 5054, penal code. *In re French,* 164 Cal.Rptr. 800 (1980).

HISTORY:

1. New section filed 2-18-2003; operative 3-20-2003 (Register 2003, No. 8).

**3173. Processing of Approved Visitors.**

(a) Approved visitors shall complete a visitor pass upon their arrival at the institution/facility visitor processing center and their approval to visit shall be verified.

(b) All adult visitors shall present picture identification before being permitted to visit. For each minor, a certified record of birth (official birth certificate, or county embossed abstract of birth) shall be presented during each visit.

(c) Acceptable proof of picture identification for visitors may be, but is not restricted to, the following valid documents:

(1) Driver's license with picture,

(2) Department of Motor Vehicles identification card with picture,

(3) Picture passport,

(4) Armed forces identification card with picture,

(5) Picture identification cards issued by the United States Department of Justice—Immigration and Naturalization Service, or

(6) Picture identification issued by the Mexican Consulate.

(d) Minors may be allowed to visit an inmate subject to the restrictions of section 3173.1. If the accompanying adult is not the parent or legal guardian of the minor, a notarized written consent shall be required from a person with legal custody of the minor, authorizing the minor to visit while accompanied by a designated adult.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 4570.5 and 5054, Penal Code.

HISTORY:

1. Amendment of subsections (h) and (p) filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34). For prior history, see 78, No. 33, 78, No. 30; 78, No. 12; 77, No. 40; 77, No. 20, and 77, No. 9.

2. Amendment of subsection (m) filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).

3. Amendment of subsections (b), (g) and (k) filed 8-23-82; effective thirtieth day thereafter (Register 82, No. 35).

4. Amendment of subsection (f) filed 8-27-82; effective thirtieth day thereafter (Register 82, No. 35).

5. Change without regulatory effect amending section filed 10-29-90 pursuant to section 100, Title 1, California Code of Regulations (Register 91, No. 6).

6. Editorial correction of printing errors in subsections (f), (g) and (h) (Register 92, No. 5).

7. New subsections (p) and (q) filed 2-11-98 as an emergency; operative 2-11-98 (Register 98, No. 7). A Certificate of Compliance must be transmitted to OAL by 6-11-98 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 2-11-98 order transmitted to OAL 5-4-98 and filed 6-16-98 (Register 98, No. 25).

9. Change without regulatory effect amending subsection (f) filed 12-18-98 pursuant to section 100, Title 1, California Code of Regulations (Register 98, No. 51).

10. Repealer and new section filed 2-18-2003; operative 3-20-2003 (Register 2003, No. 8).

11. Change without regulatory effect amending Note filed 5-22-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 21).

**3173.1. Visiting Restrictions with Minors.**

(a) For inmates convicted of Penal Code (PC) Section(s) 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289 when the victim is a minor, visitation with the minor victim shall be prohibited, except as authorized by an order of the juvenile court pursuant to

Welfare and Institutions Code Section 362.6. Visitation pursuant to such an order shall be limited to non-contact status.

(b) For inmates convicted of PC Section(s) 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289 when the victim is a minor, visitation with any minor who is not the victim of the crime shall be limited to non-contact status.

(c) For inmates convicted of PC Section(s) 269, 273a, 273ab, or 273d, visitation with the minor victim shall be limited to non-contact status.

(d) For inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d, when the victim is a minor, visitation with any other minor shall be limited to non-contact status except as authorized by the Institution Classification Committee.

(e) When an inmate has been arrested, but not convicted, of any crime involving a minor victim included in this Section, a classification committee shall determine whether all visitation with a minor(s) is to be limited to non-contact status.

Unless otherwise prohibited, the inmate's visiting status shall be unrestricted until a classification committee has done the following:

(1) Made a case-by-case determination whether the inmate poses a threat of harm to minor visitors in contact visitation.

(2) Considered the circumstances of the misconduct involving a minor victim in determining whether the inmate poses a threat of harm to minor visitors in contact visitation. In making its determination, the classification committee shall consider, but is not limited to, arrest reports, probation officer reports, court transcripts, parole revocation transcripts.

(f) If a classification committee, when making a decision regarding the visiting status of an inmate described in (e) above, determines that the inmate will pose a threat of harm to minor visitors in contact visitation, it will order all the inmate's visitation with minors be restricted to non-contact visiting status.

(g) If an inmate disagrees with the decision of a classification committee, the inmate may file an inmate grievance via the CDC Form 602 appeal process as outlined in sections 3084.1 through 3085.

NOTE: Authority cited: Sections 5058 and 5058.3, Penal Code. Reference: Sections 1202.05, 5054 and 5054.2, Penal Code; and Section 362.6, Welfare and Institutions Code.

HISTORY:

1. New section filed 2-18-2003; operative 3-20-2003 (Register 2003, No. 8).

2. Repealer and new section and amendment of Note filed 12-5-2005 as an emergency; operative 12-5-2005 (Register 2005, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 5-15-2006 or emergency language will be repealed by operation of law on the following day.

3. Certificate of Compliance as to 12-5-2005 order, including amendment of subsections (f) and (g), transmitted to OAL 4-24-2006 and filed 6-6-2006 (Register 2006, No. 23).

**3173.2. Searches and Inspections.**

(a) Any person coming onto the property of an institution/facility shall be subject to inspection as necessary to ensure institution/facility security including prevention of the introduction of contraband. Inspections may include a search of the visitor's person, personal property and vehicle(s) when there is reasonable suspicion to believe the visitor is attempting to introduce or remove contraband or unauthorized items or substances into, or out of, the institution/facility.

(b) Visitors shall not be forcibly searched unless institution/facility officials possess a court issued warrant to conduct the search, or are being detained for unlawful actions or activities in accordance with section 3292.

(c) Visitors shall be required to submit to contraband and/or metal detection device(s), and a thorough search of all personal

# Exhibit

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS          CDC 128G(2/69)

| NO | H93331 | NAME | DUNN, DYLAN | BLD | 4B1L-61 | CUST | MAX | WG/PG | D1D |
| MERD | ASU | REL. DT. | EPRD: 7/13/19 | | LEVEL  IV | ETH | WHI | | |
| CS: | 101 | READING LEVEL: 6.1 | | | | | | | |

ACTION: PROGRAM REVIEW. D/C status, W/A Yard. Release to COR-IV (EOP) based upon dismissal of RVR dtd 9/3/03, AND REDUCAL OF RVR DTD 9/26/03.

Inmate DUNN made a personal appearance before IV-B ASU ICC on today's date for "S" PROGRAM REVIEW. "S" was provided 72 hours advance notification. "S" stated he was in good health and ready to proceed. "S" was initially placed into Administrative Segregation on 9/3/02 at CSP-COR for the specific act of Possession of a Weapon. This RVR was later dismissed. During Ad-Seg confinement, "S" rec'd an RVR dtd 9/26/03 for Battery on I/M. This RVR was later reduced to Mutual Combat.

COMMITTEE ACTION: ICC elects to release back to COR-IV (EOP) based upon dismissal of RVR dated 9/3/03. ICC further elects to permanently restrict visiting with minors pursuant to 3173.1 (contact and non-contact). "S" was found guilty of RVR dtd 7/7/02 for Attempting to Elicit Illegal Sexual Relations by Phone in Concert w/ Minor. ICC's decision is based upon the findings of guilty for RVR dtd 5/7/02, which articulates substantial evidence relating to harm/abuse, and exploitation of a minor. Therefore ICC has good cause finding to restrict visiting in order to protect future children from exploitation/harm and/or abuse. Case conferenced with Tim Roucheaux, CSU.

CONFIDENTIAL FILE reviewed and noted.

CELL/YARD REVIEW: Committee elects to continue "S" on D/C status based on compatible cellmate, W/A Yard based on CSP-COR's SHU standard yard. There is no History of in-cell violence. There is History of Assaultive Behavior.

MENTAL HEALTH: "S" is a participant in the MHSDS Program. "Inmate DUNN, H-93331, currently is a participant in the MHSDS at the EOP Level of Care. "S" has a history of suicide ideation/gesture. "S" currently is prescribed psychotropic medication and is medication compliant. His Activities of Daily Living (ADL) are adequate. "S's" interactions with staff appear to be appropriate. His placement in alternative Levels of Care in the Mental Health Services Delivery System was considered and is not recommended."

Present and assigned as staff assistant is C/O G. Vanderbloom.

INMATE'S COMMENTS/PARTICIPATION: "S" disagreed with Comm.'s decision and appeal rights were explained. "S" does not have a cellmate at this time.

"S" next classification will occur on 2/04 for ASU Review.

C:kc

J. ORTIZ
Chairperson/CDW(A)
DATE: 1/29/04

P. STOCKMAN
CCII/RECORDER
FACILITY IV-B  ICC

J. CASTRO
CCU
CLASSIFICATION

T. BLANCHARD
PhD./MHSDS
INST: CSP-CORCORAN

NUMBER  DUAN #93331

CDC 128B

The above Inmate is being restricted from visiting with minor children based on CCR 3173.1

The above Inmate is "temporarily" restricted from visiting with minor children based on CCR 3173.1

notified by telephone on ____1/29/04____.
                         DATE

J. Castro, CCI
Name and title of staff member completing chrono

Q. Castro, CCI
Signature of staff member completing chrono

ile (Original)

Lieutenant

29/04.

CSP-CORCORAN
VISITING RESTRICTION            GENERAL CHRONO

STATE OF CALIF

NAME and NU

I/M Dur
WRAT score
participating in
EOP IDT conti

Orig.: Central
cc  Ed. File
    CCM: M.
    EOP Supe
    Inmate: D

TE 12 May, 20

25
26
27
28

# Exhibit

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 2 8 2005

In re:   Dunn, Dylan, H-93331
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0407473          Local Log No.: COR 04-2596

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner Thomas H. Emigh, Facility Captain.   All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he was wrongly denied access to family visits by Institution Classification Committee (ICC). The institution has since reversed its position regarding family visits and they have been restored. Pursuant to completing this Third Level of Review, the appellant was interviewed on Wednesday July 6, 2005. At that time he was asked what action he was requesting because his visits had been restored since the time he submitted his appeal for Third Level Review.   The appellant now states he is simply attempting to exhaust administrative remedies pursuant to taking the matter to court where he will seek damages. *SEE 602 ATTACHMENTS*

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was restricted from visiting with his children due to the receipt of a disciplinary charging him with Attempting to Elicit Illegal Sexual Relations by Phone in Concert W/Minor. However, since he was not formally arrested or charged with any of the offenses listed in California Code of Regulations Section 3173.1 ICC reversed it former decision and directed that his visiting privileges be restored.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, a determination has been made that the appellant's allegation that he suffered harm as a result of staff's willful misapplication of the rules, is not supported by the evidence. In the Institution Classification Committee (ICC)'s chrono which denied the *JAN 29, 04* appellant visits with his children it was noted: "ICC's decision is based upon the finding of guilty for CDC Form 115, Rules Violation Report dated 5/7/02 which articulates substantial evidence relating to harm/abuse, and exploitation of a minor. Therefore, ICC has good cause to restrict visiting in order to protect future children from exploitation/harm and/or abuse." The situation was reviewed with Tim Rougeux, of the Institutions Services Decision prior to making the determination. California Code of Regulations, Title 15, Section (CCR) Section 3270 states: "The primary objectives of the correctional institutions are to protect the public by safely keeping persons committed to the custody of the Director of Corrections." In their action, the members of ICC identified a safety concern and took what they thought to be the appropriate steps to minimize that concern. The action was taken on January 29, 2004 and visits were restored on February 18, 2005. While the citation of CCR Section 3173.1 was not the appropriate vehicle to support the committee action, the action itself could as easily have been supported *90 DAY INVESTIGA* by initiating an investigation into a possible conspiracy to circumvent visiting rules using minors, causing the minor visitor's right to visit to be suspended pending the outcome of that investigation. The immediate effect would have been the same, and the outcome would likely have been the same, only the process would have been more appropriate in light of current regulations. For that reason there is no evidence that either the appellant or his family suffered needless harm from the actions of ICC and there is evidence that ICC had both reason and obligation to ensure the safety of the minor before allowing future visits to occur. *← (2 YRS LATER) WHERES THE EVIDENCE*

*SEE MEDICAL RECORDS OCT. 2003 JAN. 2004*

**B.   BASIS FOR THE DECISION:**
CCR: 3004, 3170, 3170.1, 3175, 3176.1

DUNN, DYLAN, H-93331
CASE NO. 0407473
PAGE 2

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

*N. Surges*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP
       Appeals Coordinator, COR

SOME (2) YEARS LATER
WHERE'S THE JUSTICE ON
THAT & I LOST CONTACT WITH
MY KIDS FOR 1 1/2 YEARS
AFTER THE FACT.

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN 25 2010

FILED_____
DOCKETED_____
                    DATE          INITIAL

# PROOF OF SERVICE

(C.C.P. §2015.5; 28 U.S.C. §1745)

I, __DYLAN DUNN__ , am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

K.V.S.P / A-2 #128
P.O. BOX - 5101
DELANO, CA. 93216

On, __JAN. 4, TH__ , __2010__ , I served the following documents:

APPELLEES ANSWERING BRIEF _____
_____ on the

below named individuals by depositing true and correct copies thereof in the United State mail in DELANO California, with postage fully prepaid thereon, addressed as follows:

1. CLERK, U.S. COURT
OF APPEALS FOR THE
NINTH CIRCUIT
P.O. BOX - 193939
SAN FRANCISCO, CA. 94119-3939

DEPT. OF JUSTICE
2. ATTORNEY GENERAL
- J. CASTRO, ET AL, -
ANTHONY P. O'BRIAN
P.O. BOX - 944255
SACRAMENTO, CA. 94244-255

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this __4TH__ day of __JAN__ , __2010__ , at California State Prison at K.V.S.P , DELANO California.

(Signature)
                                                    Declarant

27